■ JOHN SHUMWAY, Appellant, v. JOSEPH J. ANGELO, an Infant, by LOUIS ANGELO, His Guardian ad Litem, et al., Respondents.— Plaintiff appeals from a judgment of the Supreme Court entered in Albany County which dismissed his complaint. On August 25, 1957, plaintiff was operating his motorcycle in a northerly direction on a two-lane highway and rounding a curve which curved to his right. Defendant Joseph Angelo was operating a car owned by defendant Marilyn Angelo, who was a passenger, in the opposite direction, when the two vehicles collided. Joseph Angelo and Marilyn Angelo as plaintiffs brought actions against this plaintiff. All three actions were tried together and resulted in a jury verdict of no cause of action in each of the three cases. The only appeal taken is by the appellant herein who complains that the verdicts were inconsistent and that the trial court was in error in rejecting certain evidence. The main issue of negligence litigated was the point of collision with reference to the center of the road, — each party contending that the other vehicle was to some extent on the wrong side of the road. A clear question of fact was presented which was fairly submitted to the jury. The verdicts are not inconsistent because, upon this record, a jury might well have found both drivers negligent, in which event no one could recover. We do not think the alleged error in the rejection of evidence was of sufficient import to warrant a new trial if, indeed, it be error at all. Judgment unanimously affirmed, with costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.

■ LEON J. WALRATH, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 32857.) — Appeal from a judgment of the Court of Claims which awarded the appellant $32,500 and interest thereon for the appropriation of 15.127 acres in fee and of a permanent easement over .352 acres. The State's appeal to protect itself as to interest, pending the decision in La Porte v. State of New York (6 N Y 2d 1) has been withdrawn. At the time of this appropriation for purposes of the Thruway the appellant was the owner of some 92 acres of land which was being used as a dairy farm. The appropriation involved what has been termed the heart of the farm, that is the dwelling house, a large barn, a garage, several smaller structures and the two springs which comprised the farm's water supply. The farm was operated by another under a lease although the appellant had reserved part of the dwelling for himself and his family and planned to live there after his retirement. The appellant's experts' testimony as to value ranged from $100,000 to $103,500 before the taking and from $11,000 to $15,000 after the taking. The State's expert stated the value before the taking was $20,000 and that after it was $500. The court below, while not adopting the figures of any of the experts, made an award which was within the range of the expert testimony. The trial court viewed the premises and based on this view and the evidence presented, it could properly arrive at the determination which it did. Furthermore, the evidence supports the finding that the best available use of the land taken was as a dairy farm. Judgment unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.